IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00259-WJM-BNB

HAL LEWIS HEBERT,

Plaintiff,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility (SCF),
MICHELLE NYCZ, Major, SCF,
ROBERT KEISEL, Captain, SCF, and
CHASE FELZIEN, Lieutenant, SCF,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises on the plaintiff's **Motion in Request of Emergency Preliminary Injunction** [Doc. #45, filed 01/08/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility ("SCF"). He filed his Prisoner Complaint on January 31, 2013 [Doc. #1] (the "Complaint"). The Complaint asserts one claim for violation of the Eighth Amendment based on a substantial risk of violence caused by various prison practices including

double celling of the inmates.

In his Motion, the plaintiff requests that the court order "SCF administrators to limit their cruel and unusual practice of compelling double-occupancy of undersized cells only to inmates who consent to such practice, and who are not fearful of imminent harm by a cell-mate." *Motion*, p. 4.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d

2

973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[1]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms."  Id. at 976.

The plaintiff does not demonstrate that he will suffer irreparable injury if an injunction does not issue.  Although he discusses in detail an incident that occurred between two cell mates on December 23, 2013, he does not allege any facts to show that he is in imminent danger.  Indeed, he does not describe his situation at all.  In his reply, the plaintiff states "that on three past occasions he has been attacked by a cellmate."  *Reply to Defendants' Responce* [sic] *to Plaintiff's Request of Preliminary Injunction* [Doc. #49], p. 2.  However, the plaintiff does not state when the three incidents occurred, under what conditions, and whether his current cell mate was involved.

Injunctive relief is issued "to prevent existing or presently threatened injuries." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).  Such relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future."  Id. The plaintiff does not allege any facts to show that he will suffer irreparable injury unless immediate injunctive relief is granted.

Because the plaintiff has not established irreparable harm, I need not address the remaining requirements for injunctive relief.  Dominion Video Satellite, Inc. v. Echostar Satellite

---

[1]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  Id. (emphasis in original).

Corp., 356 F.3d 1256, 1260 (10th Cir. 2004) ("[b]ecause a showing of probable irreparable harm

is the single most important prerequisite for the issuance of a preliminary injunction, the moving

party must first demonstrate that such injury is likely before the other requirements for the

issuance of an injunction will be considered") (internal quotations and citation omitted).

     I respectfully RECOMMEND that plaintiff's Motion in Request of Emergency

Preliminary Injunction [Doc. #45] be DENIED.[2]

     Dated April 15, 2014.

                    BY THE COURT:

                    s/ Boyd N. Boland
                    United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).