**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00259-WJM-NYW

HAL LEWIS HEBERT,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections,
JAMES FALK, Warden, Sterling Correctional Facility (SCF),
MICHELLE NYCZ, Major, SCF,
ROBERT KEISEL, Captain, SCF, and
CHASE FELZIEN, Lieutenant, SCF,

    Defendants.

_____

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants' Motion for Protective Order [#83] filed on May 4, 2015, which was referred to this Magistrate Judge pursuant to the Order of Reference dated February 27, 2013 [#13], the Order of Reassignment dated February 9, 2015 [#76], and the memorandum dated May 5, 2015 [#84]. The court has considered the Parties' filings, the entire court docket, and the applicable case law, and has determined that oral argument would not materially assist in the resolution of the instant motion. For the following reasons, the court hereby DENIES the Motion for Protective Order.

**BACKGROUND**

    Plaintiff Hal Lewis Hebert ("Plaintiff" or "Mr. Hebert") initiated this action on January 31, 2013 against Tom Clements, then-Executive Director of the Colorado Department of

Corrections ("CDOC"); James Falk ("Warden Falk"), Warden of the Sterling Correctional Facility ("SCF"); Michelle Nycz ("Major Nycz"), a correctional officer; Robert Keisel, a correctional officer ("Captain Keisel"); and Chase Felzien ("Lieutenant Felzien"), a correctional officer. [#1]. In his Complaint brought pursuant to 42 U.S.C. § 1983, he alleges that inmates at SCF are held in violation of the Eighth Amendment's prohibition on cruel and unusual punishment and that "defendants' deliberate indifference forces inmates to live under constant substantial threat of serious harm by cellmates." [#1 at 4]. Defendants moved to dismiss the Complaint on April 16, 2015, arguing that the court lacked subject matter jurisdiction over Mr. Hebert's claims based upon Eleventh Amendment immunity and that Defendants were entitled to a qualified immunity defense. [#16]. Magistrate Judge Boland agreed that the court lacked subject matter over any claim made by Plaintiff for retroactive monetary relief, but not for prospective injunctive relief. [#28]. Judge Boland also found that Plaintiff had stated a cognizable claim for an Eighth Amendment violation, specifically holding that Mr. Hebert had sufficiently pled personal participation on the part of Defendants Clements, Falk, and Nycz through their individual knowledge of the substantial risk of serious harm and their failure to remedy it. [*Id.* at 28]. Judge Boland further found that Defendants were not entitled to qualified immunity because Mr. Hebert's Eighth Amendment rights were clearly established at the time of the alleged violation. [*Id.* at 13-14]. District Judge Martinez adopted Judge Boland's Recommendation in its entirety. [#31].

Rick Raemisch replaced Mr. Clements as Executive Director of CDOC after Mr. Clements's untimely death, and as Plaintiff indicates, Mr. Raemisch should be substituted in for

Mr. Clements, as sued in his official capacity, pursuant to Fed. R. Civ. P. 25(d).[1] Plaintiff contemplated, but ultimately did not, amend the Complaint to include claims against Mr. Raemisch in his individual capacity. [#73 at 3 ¶ 7]. Defendants now seek a protective order to prevent Plaintiff from taking the deposition of Mr. Raemisch, arguing that as a high-level government official, Mr. Raemisch should not be required to testify because Mr. Hebert has not established any exceptional circumstance to justify the deposition. [#83]. Plaintiff opposes the protective order, asserting that to prevail on his claim for deliberate indifference he must show that Defendants, including Mr. Raemisch, knew of and disregarded excessive risks to inmates at SCF. [#87 at 4]. Mr. Hebert also contends that because Mr. Raemisch is a named defendant, there is no other manner to determine whether he was deliberately indifferent to the conditions of Mr. Hebert's confinement. [*Id.* at 5 ¶ 17]. In Reply, Defendants insist that Mr. Raemisch's testimony is not relevant, because: (1) he is not involved in the day-to-day operations of SCF, (2) he has no personal knowledge of Mr. Hebert's treatment in SCF; (3) the same information can be obtained through other deponents; including Steve Hager; and (4) that the report commissioned by Mr. Raemisch is protected by attorney-client privilege and the work product doctrine.

---

[1] Rule 25(d) of the Federal Rules of Evidence provides that "[a]n action does not abate when a public officer <u>who is a party in an official capacity</u> dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." Fed. R. Civ. P. 25(d) (emphasis added).

**ANALYSIS**

The Parties agree that the test articulated by the Tenth Circuit in *Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995), applies to determine whether Mr. Raemisch's deposition should be permitted in this instant action. [#87 at 5, n.2; #89]. The factors considered by the court include whether: (1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will lead to the discovery of admissible evidence; (3) the deposition is essential to the party's case; and (4) the information cannot be obtained from an alternative source or via less burdensome means. *Thomas*, 48 F.3d at 483. While relevance is the second factor delineated in the *Thomas* test, the court will address it first.

**I.     Relevance**

Under the Federal Rules of Civil Procedure, the general test of discoverability is whether the materials or information sought by a discovery request "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is a broad standard meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Upon a showing of "good cause" by the proponent of discovery, an even broader standard of "any matter relevant to the subject matter involved in the action" may be applied. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

The Eighth Amendment of the United States Constitution does not mandate comfortable prisons, but it does require humane ones that reasonably assure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). While Defendants suggests Mr. Hebert's claim is one challenging only conditions of confinement particular to him [#89 at 4], this court has previously recognized that the action presented for consideration is within the context of a bigger issue:

whether the prison's mandatory practice of housing two inmates to a single 77-square foot cell ("double-celling") has led to serious adverse consequences, including homicides of inmates by their cellmates. [#28 at 11-12]. Mr. Hebert claims that he has been attacked by cellmates three times. [#49 at 2]. Despite the fact that he was unable to establish irreparable harm to justify a preliminary injunction [#51, #55], Mr. Hebert should be given the opportunity to develop evidence during discovery that he was harmed, and that his injury was a result of Defendants' deliberate indifference.

Although Mr. Raemisch is not named as an individual defendant, and Rule 25(d) does not contemplate his automatic substitution for Mr. Clements due to his position as Executive Director, his knowledge of the conditions at SCF, including but not limited to any investigations he ordered into inmate homicides at SCF [#87-1 at 2] and/or to any reports and recommendations he received from the Office of Inspector General about the homicides occurring at SCF [#87-2], are reasonably calculated to lead to admissible evidence as to whether prison officials knew of, or were deliberately indifferent to, conditions that put Mr. Hebert at risk during his incarceration at SCF. Therefore, I respectfully disagree with Defendants' suggestion that Mr. Raemisch's testimony is not relevant to the issues presented by this action, even accepting as true Defendants' arguments that Mr. Raemisch does not know about the day-to-day functioning of SCF or Mr. Hebert's specific treatment at SCF.

**II.     First Hand Knowledge**

Defendants argue that Mr. Raemisch has no first-hand knowledge of any claims being litigated in this case, and that the only first-hand knowledge that Mr. Raemisch may have comes from a letter Plaintiff sent to Mr. Clements. [#89 at 3-4 ¶ 7]. The exhibits that Plaintiff offers in support of his Opposition refute that proposition. Defendants admit that Mr. Raemisch ordered

an investigation into the inmate homicides that occurred at SCF. [#87-1 at 2, RFP No. 11]. Mr. Raemisch then, in response to reading media accounts of problems at SCF, followed up with his deputy director regarding the status of the investigation. [#87-2]. In the exhibits that Defendants provided, Mr. Raemisch testifies that part of his responsibilities include "formulating and moving forward what I would call the big picture for corrections. … I have an executive staff that I give them my vision and fully expect them to move that vision forward." [#83-1 at 17:13-25]. Based on these facts, I conclude that Mr. Raemisch likely has first-hand knowledge of the conditions at SCF that could demonstrate that he or one of the other named Defendants "knows of and disregards an excessive risk to the inmate's safety." *Farmer*, 511 U.S. at 832.

## III.   Privilege

Defendants also contend that even if relevant, the information regarding the report that is the subject to the discussion reflected in [#87-2] is not discoverable because it is covered by the attorney-client privilege or work product doctrine. As the party asserting privilege, Defendants bear the burden of establishing that it applies. *In Re Grand Jury Subpoenas*, 144 F. 3d 653, 658 (10th Cir. 1998). Defendants offer nothing more than attorney argument on this point, with no privilege log, and no affidavit with respect to whether the reports have been shared beyond an attorney-client relationship, outside of the context of litigation, or have been produced in other litigation. Accordingly, the court is unpersuaded from the record before it that any privilege applies.

## IV.   Necessity and Availability of Evidence

The final two prongs require the court to consider whether the evidence sought by Mr. Hebert is necessary to his claim and whether the evidence is available through any other witness, including Steve Hager, Mr. Raemisch's Director of Prisons. While Defendants contend that the

"[a]ny knowledge that Mr. Raemisch may have regarding general homicides at SCF involving non-parties is unnecessary in assisting Plaintiff's attempts to prove Defendants acted with deliberate indifference," [#89 at 5, ¶ 9] the court disagrees.  The gravamen of Mr. Hebert's Complaint is that prison officials are deliberately indifferent to the conditions at SCF that result in substantial risk to the health and welfare of inmates, including in some cases, their deaths by homicide while incarcerated.  [#1].  Evidence regarding what Mr. Raemisch knew, and when, and how he subsequently reacted to homicides within the prison walls (through the "vision" or direction he gave his executive staff) may very well help establish or undermine Mr. Hebert's claims – particularly in light of the requirement that he demonstrate that prison officials had a culpable state of mind.  Indeed, the Supreme Court held:

> if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

*Farmer*, 511 U.S. at 842-43 (internal quotation marks omitted).

Defendants insist that the same information can be gathered through Mr. Hager.  As Plaintiff notes, Mr. Hager is not a defendant in this case, either in his official or individual capacity.  Again, Defendants' arguments that Mr. Hager is in the same position to opine about the conditions within SCF, the CDOC policies that affect the conditions, and the reaction by CDOC to inmate deaths consist solely of attorney argument.  Defendants point to no testimony from either Warden Falk or Major Nycz-Halligan that demonstrate that Defendants have already adequately addressed Plaintiff's questions.  [#83, #89].  While mindful of the inconvenience to Mr. Raemisch, the court is not persuaded that Mr. Hager is an adequate substitution for him.

## CONCLUSION

For the reasons set forth herein, IT IS ORDERED:

(1)   Defendants' Motion for Protective Order [#83] is DENIED;

(2)   Defendants are DIRECTED to make Executive Director Raemisch available for deposition by Plaintiff's counsel,[2] at a time mutually convenient, before **August 17, 2015**;

(3)   All other deadlines in this matter REMAIN SET, including but not limited to the deadline for dispositive motions of July 20, 2015 and the Final Pretrial Conference set for September 23, 2015 at 9:30 a.m.

DATED: July 17, 2015                              BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

[2] Because Mr. Hebert is incarcerated and represented, there is no requirement that the deposition be scheduled in a manner that permits his participation.