**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-00259-WJM-NYW

HAL LEWIS HEBERT

Plaintiff,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections,
JOHN CHAPDELAINE, Warden, Sterling Correctional Facility (SCF),[1]
MICHELLE NYCZ, Major, SCF,
ROBERT KEISEL, Captain, SCF,
CHASE FELZIEN, Lieutenant, SCF,

   Defendants.

---

**AMENDED FINAL
PRETRIAL ORDER**

---

**1.  DATE AND
APPEARANCES**

A Final Pretrial Conference took place on October 13, 2015, at 10:30 a.m.

Mark A. Schwane of Schwane Law, LLC, 3773 Cherry Creek North Drive, Suite

575, Denver, Colorado 80209, appeared on behalf of Plaintiff Hal Lewis Hebert.

Robert C. Huss and Kathryn A. Starnella of the Colorado Attorney General's

Office, 1300 Broadway, Denver, Colorado 80203, appeared on behalf of Defendants

Rick Raemisch, John Chapdelaine, Michelle Nycz, Robert Keisel, and Chase Felzien.

---

[1] As submitted, the parties' proposed amended final pretrial order (ECF No. 122) listed James Falk as the Warden.  Given that Falk is no longer Warden at SCF, this Court ordered that the current Warden, John Chapdelaine, be substituted as the proper defendant.  (*See* ECF No. 126.)  Throughout this order, conforming edits have been made to specify that Chapdelaine is the current defendant and that Falk is no longer a defendant.

## 2. JURISDICTION

This Court has subject matter jurisdiction of this case pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1343.

## 3.  CLAIMS AND DEFENSES

**A.    Plaintiff:**

Plaintiff claims that the conditions of confinement at Sterling Correctional Facility

("SCF"), Living Units 1-4, constitute a substantial risk of serious harm where at least

seven inmates have been the victims of homicides, perpetrated by other inmates, since

2006.  Plaintiff contends that the pattern of homicides and serious assaults, which far

exceeds any other facility in the Colorado Department of Corrections, is evidence that

the conditions of confinement constitute a substantial risk of serious harm to inmates at

the facility.  Second, Plaintiff contends that the Defendants knew that a pattern of inmate

homicides existed at SCF yet deliberately disregarded the excessive risk to inmates

safety, and thus were deliberately indifferent to the conditions of confinement as

provided for by *Rhodes v. Chapman*, 452 U.S. 337, 347 (U.S. 1981).

Of the seven known inmate homicides perpetrated by other inmates, at least four

of these were cellmate-on-cellmate homicides from the period of January 2010 to

August 2014.  Defendants were aware of the unprecedented rate of homicides within

the facility, yet took no action to remedy the conditions.  Former Defendant Falk was

Warden of SCF from December 2011 to March 2015.  Defendant Raemisch has been

Executive Director of the Colorado Department of Corrections from July 2013 to present.

Defendant Raemisch was aware of the homicides as early as July 2014, but took no

action until after the August 2014 homicide, when he sought an assessment of SCF

operations.  Despite numerous recommendations, the conditions of confinement have not changed.  A plan of action, initiated April 1, 2015, shows only minor culture change efforts and no significant changes to cell practices such as cell assignments, double bunking, staffing or programing.

Numerous conditions of confinement have contributed to the substantial risk of serious harm at SCF.  Foremost is the practice of double celling 100 percent of the general population inmates in Living Units 1-4.  The size of the cells, along with the controlled movement schedule and frequent lockdowns, confine inmates to their cells with little room for movement and no personal privacy for periods of at least 18 hours per day.  Inmates often go days without being released from their cells, remaining confined with their cellmate.  Cellmate assignments are an informal practice and there is no formal policy or procedure for appealing, seeking review, or changing cellmate assignments.

The ASCA report authorized by Defendant Raemisch found that SCF repeatedly operated at minimum staffing levels and that programing was unavailable to the extent that inmates were locked up longer than they would have been had they been given access to necessary programing.  Further, the report found that conditions within the high security side caused inmates to be more assaultive and resulted in potentially homicidal behavior.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious. A prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (U.S. 1981).  For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under

conditions posing a substantial risk of serious harm. The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases, that state of mind is one of "deliberate indifference" to inmate health or safety, *Farmer v. Brennan*, 511 U.S. 825, 834 (U.S. 1994).  It is implicit in *Rhodes* that double-celling can amount to an Eighth Amendment violation if combined with other adverse conditions. *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). To determine whether conditions of confinement violate the Eighth Amendment, it is necessary to examine the totality of the conditions at the institution. *Id.*

Under Title 42 U.S.C. § 1983, Plaintiff seeks prospective relief in the form of an injunction against Defendants remedying the conditions of confinement leading to the substantial risks of serious harm in violations of Plaintiff's rights under the Eighth Amendment.  Specifically, Plaintiff seeks an injunction ordering the following:

1. Defendants to cease and desist the practice of double-celling inmates in the high security side, including Living Units 1-4, allowing for only one inmate per cell;

2. Revision of the current controlled movement schedule to allow for, at a minimum, sixteen hours outside the locked confines of an inmate's cell, with increased access to gym and the outdoor yard;

3. Development and revision of treatment and educational programs to encourage pro-social behavior in SCF, in particular, for those inmates in the high secure side of SCF;

4. Plaintiff further seeks an award of attorney fees and costs pursuant to Title 42 U.S.C. § 1983.

**B.**   **Defendants:**

Defendants assert the following defenses to the Eighth Amendment claim arising from Sterling Correctional Facility's (SCF's) conditions of confinement, *i.e.*, the denial of Mr. Hebert's conditions-of-confinement-related grievances; double-bunking of inmates; cell assignment procedures; controlled movement schedule; an alleged lack of access to programming; and a purportedly severe understaffing problem, all which Mr. Hebert claims constitute a substantial threat of serious harm.   Defendants deny that either they or the SCF's policies violated Mr. Hebert's Eighth Amendment rights.   Defendants further assert that the CDOC's and SCF's policies and procedures are in furtherance of a compelling government interest and the restrictions are the least restrictive means to accomplish that interest.

### 1.   Denial of conditions-of-confinement-related grievances

Mr. Hebert contends that Defendants Captain Keisel and Lieutenant Felzien were deliberately indifferent to his safety and denied him "humane conditions of confinement" when they denied his request for a single cell after meeting with him to discuss his grievance.   *See* Compl., Doc. # 1 at 7-8; Doc. # 1-1 at 5.

Defendants Keisel and Felzien, however, deny that they violated Mr. Hebert's Eighth Amendment rights.   Defendants also deny that their handling of Mr. Hebert's grievance establishes the requisite personal participation to support liability under 42 U.S.C. § 1983.

### 2.   Double-Bunking

Along with compensatory and nominal damages, Mr. Hebert seeks injunctive relief to require his placement in a single cell and to exempt him from SCF's double-bunking of offenders in cells, which he contends exposes him to a risk of attack by cell mates,

increases the tension among offenders who are overcrowded at SCF, and has contributed to the "numerous murders and assaults" at that facility.

Defendants deny that the practice of double-bunking offenders and any concomitant discomfort is *per se* unconstitutional.  Defendants also deny that double-bunking created a cruel and unusually punishing environment at SCF or contributed to any threats to or attacks made on Mr. Hebert.  Beyond Mr. Hebert's unsubstantiated testimony of double-bunking-created tension among offenders, there is no evidence that double-bunking at SCF: (a) deprives Mr. Hebert or other offenders essential food, medical care, or sanitation; (b) inflicts any unnecessary or wanton pain or deprivations arising from limited work hours or delays in accessing educational programs;  (c) is so grossly disproportionate to the severity of crimes warranting imprisonment; (d) is linked to the six offender homicides at SCF; or (e) is linked to any threats Mr. Hebert received or any assaults he allegedly endured and failed to report to any CDOC official, including Defendants.

### 3.    Cell Assignment Procedures

Mr. Hebert complains that the criteria for making cell assignments are not written in an administrative regulation and contends that offenders do not have a right to contest cell assignments and inmates who complain are subjected to retribution and punishment by corrections officials.  Mr. Hebert further complains that the purportedly unwritten cell assignment procedures and the alleged inability for offenders to raise legitimate cell assignment concerns contribute to a substantial risk of harm for inmates.

Following multiple offender deaths at SCF, SCF administration and facility management conducted an administrative review of SCF's cell assignment practices and concluded that no changes in cell assignment practices were warranted.  Defendants

deny that the CDOC's cell assignment procedures are unconstitutional and have exposed inmates, including Mr. Hebert, to a substantial risk of harm.  Defendants further deny Mr. Hebert's intimation that the cell assignment procedures are arbitrary and that offenders are without means to inform CDOC officials of specific and legitimate cell assignment issues.  Finally, Mr. Hebert failed to provide Defendants with the information needed to evaluate, substantiate, and possibly remedy any alleged threats to his safety.

### 4.    Offender Movement Schedule

Mr. Hebert complains that a June 2012 change in the offender movement schedule has caused offenders to spend more time in their cells and has shortened the time they have for meals, forcing them "to wolf their food even faster."  Defendants, however, deny that any reductions in the amount of time Mr. Hebert is able to spend outside his cell or eat meals creates a cruel and unusually punishing environment or supports Mr. Hebert's Eighth Amendment claim.

### 5.    Access to Programming

Mr. Hebert contends that a lack of program access for SCF offenders contributes to a substantial risk of harm because it generates frustration among inmates who grow impatient with the purported lack of opportunities or long wait times.

Defendants assert that inmates do not have a constitutional right to educational programming.  Further, independent auditors noted that SCF had a significant treatment and education program and staff members were not deliberately denying access to programs that offenders needed to gain parole.  Moreover, according to the independent audit, the homicides did not arise from offenders' purported challenges in accessing educational programming.  Finally, prioritization of access to educational programs is in furtherance of a compelling government interest.

### 6.   Understaffing at SCF

Mr. Hebert contends that severe understaffing contributed to a substantial risk of serious harm at SCF and that Defendants were deliberately indifferent to that risk.

Defendants were not deliberately indifferent to the staffing issues at SCF.  Once an independent audit alerted CDOC officials to the staffing issues, the CDOC promptly implemented changes to improve employee morale, staff retention, and employee communication and the overall climate at SCF has improved.  Moreover, although the independent audit identified various staffing issues, the auditors could not attribute the inmate homicides to one particular cause and did not link the staffing issues to the homicides.

### 7.   Relief Sought by Plaintiff

Mr. Hebert seeks injunctive relief to include: a) the cessation of double-celling in the high security side of SCF, allowing for single-bunking for all offenders including Hebert; b) revision of the controlled movement schedule to allow all offenders a minimum of 16 hours per day outside of the cell; c) additional treatment and educational programs for all offenders; and d) attorney fees and costs.

The evidence demonstrates, and the law supports, that Hebert is not entitled to the relief he seeks.  Double-celling of offenders is not a *per se* Constitutional violation and the evidence does not support that the use of double-celling at SCF rises to the level of a Constitutional violation. Additionally, Hebert and other offenders have access to jobs, treatment and educational programs already existing at SCF.  Hebert does not hold a Constitutional right to any prison program, job or treatment, much less additional or different programs than that those which are already provided at SCF.

Additionally, the allegations in the complaint concern modifications made to the

controlled movement schedule on or around June 4, 2012, which resulted in inmates having 6 hours per day outside their cell.  Prior to June 4, 2012, inmates were allowed as much as 12 hours per day outside their cells.  In his complaint, Hebert demands a return to that movement schedule.  *See* Doc. #1 at 13.  To the extent that Hebert now challenges the pre-June 4, 2012 movement schedule, that challenge is time-barred under the two-year statute of limitations for Section 1983 claims and it is moot because that policy is no longer in place.  Moreover, Hebert's attempt to modify his complaint via the Final Pretrial Order is improper.  *See* Fed. R. Civ. P. 15(a) (setting deadlines for amending complaint without court's leave); D.C.COLO.LCivR 15.1 (articulating procedures for amending complaint).

Hebert's request for injunctive relief also seeks to have the Court dictate the manner in which the prison facility is managed.  Courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."  *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).  Management of prison functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *Meachum v. Fano*, 427 U.S. 215 (1976).  The Tenth Circuit "abhor[s] any situation . . . requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977).

Defendants also assert that Hebert's attempt to obtain relief on behalf of other inmates who are not parties is improper.  *See, e.g., Kowalski v. Tesmer*, 543 U.S. 125, 129-30, 134 (2004) (discussing limited circumstances in which third-party standing

exists); *Gavitt v. Ionia Cnty.*, No. 14-12164, 2014 U.S. Dist. LEXIS 172552, *45, *48 (E.D. Mich. Dec. 15, 2014) (unpublished) (rejecting plaintiff's attempt to seek injunctive relief on behalf of non-parties).

## 4. STIPULATIONS

1.      Mr. Hebert is presently incarcerated at SCF and was incarcerated at SCF during all times relevant to his claims.

2.      Defendants were employed by the CDOC during the time periods relevant to Mr. Hebert's claims.

3.      SCF is double-bunked throughout the facility, with the exception of three units and certain cells housing offenders classified as disabled under the Americans with Disabilities Act (ADA).

4.      Mr. Hebert has been housed on the high security side of SCF and has always been double celled during his stay at SCF.

5.      Since arriving at SCF in 2008, Mr. Hebert has had dozens of cellmates; he has shared a cell with between 32 and 50 or more offenders over the years.

6.      Defendant Nycz met with Mr. Hebert to discuss his concerns about the conditions of confinement at SCF.

7.      Defendant Raemisch requested review of SCF by a private entity, the Association of State Correctional Administrators ("ASCA").

8.      Controlled movement refers to a daily schedule used by CDOC to move the offenders from different locations in the facility for various purposes, such as for recreation, work assignments, volunteer programs, dining hall, medication line, and free time in the day hall.  The controlled movement schedule also includes time, other than unplanned lockdowns, when inmates are lockdown in their cells.

9.    In June 2012, the controlled movement schedule at SCF was changed and allowed offenders to spend less free time in the day hall.

## 5.  PENDING MOTIONS

Defendants' Motion for Summary Judgment. (Doc. # 97).

## 6.  WITNESSES

a.    **List the nonexpert witnesses to be called by each party.  List separately:**

(1)    **witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));**

**Plaintiff's Witnesses:**

a.    Hal Lewis Hebert, Sterling Correctional Facility, Sterling Correctional Facility, PO Box 6000, Sterling, CO, 80751:  Plaintiff Hebert would testify to the matters at issue in this case, including but not limited to the conditions of confinement at SCF, including cell conditions, cell confinement, cellmates, programing, his interactions with Defendants, and assaults he has suffered.

b.    Rick Raemisch, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Defendant Raemisch would testify to the matters at issue in this case, including but not limited to his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, and actions he took to remedy the conditions of confinement.

c.    James Falk, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Former Defendant Falk would testify to the matters at issue in this case, including but not limited to

his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, and actions he took to remedy the conditions of confinement.

d.   Michelle Nycz-Halligan, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Defendant Nycz would testify to the matters at issue in this case, including but not limited to his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, her interactions with Plaintiff Hebert, custody and control levels, controlled movement schedule, and cellmate assignments.

e.   Steve Hager, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Mr. Hager would testify to the matters at issue in this case, including but not limited to his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, his work on the action plan for SCF and actions he took to remedy the conditions of confinement.

f.   Kellie Wasko, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Ms. Wasko would testify to the matters at issue in this case, including but not limited to her knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, her interactions with Tom Clement concerning SCF, her work on the action plan for SCF and actions she took to remedy the conditions of confinement.

g.  Jay Kirby, Colorado Department of Corrections, 2862 S Circle Dr,
Colorado Springs, CO 80906, (719) 579-9580:  Mr. Kirby would testify to
the matters at issue in this case, including but not limited to his knowledge
of the conditions of confinement at SCF, his interactions with Defendant
Raemisch concerning SCF, investigations by the Inspector General's
office of SCF homicides, hi knowledge of homicides and assaults at SCF,
knowledge of investigations at SCF, his interactions with Tom Clement
concerning SCF, her work on the action plan for SCF and actions she took
to remedy the conditions of confinement.

h.  John Chapdelaine, Colorado Department of Corrections, 2862 S Circle Dr,
Colorado Springs, CO 80906, (719) 579-9580:  Mr. Chapdelaine would
testify to the matters at issue in this case, including but not limited to his
knowledge of the conditions of confinement at SCF, knowledge of
homicides and assaults at SCF, knowledge of investigations at SCF, his
interactions with Tom Clement concerning SCF, his work on the action
plan for SCF and actions he took to remedy the conditions of confinement.

i.  Roger Werholtz, Association of State Correctional Administrators, 1110
Opal Court, Ste. 5, Hagerstown, MD 21740.  Mr. Werholtz would testify to
the matters at issue in this case, including but not limited to his knowledge
of the conditions of confinement at SCF, knowledge of homicides and
assaults at SCF, knowledge of investigations at SCF, his interactions with
Tom Clement concerning SCF, and the ASCA assessment of SCF.

j.  All witnesses endorsed or called by Defendants.

k.  All witnesses necessary for rebuttal or impeachment.

I.     All witnesses for the purpose establishing a foundation or authenticity.

**Defendants' Witnesses:**

(a)     Rick Raemisch, Executive Director of the Colorado Department of Corrections, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Mr. Raemisch is a defendant in this action and is expected to testify about: his requested review of SCF by an outside, neutral third party, Association of State Correctional Administrators ("ASCA"); the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes; and the nature and scope of changes implemented at SCF, following ASCA's report.

(b)     James Falk, formerly the Warden at SCF (now the Warden at Limon Correctional Facility), c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Warden Falk is formerly a defendant in the action and is expected to testify about: inmate classification and cell assignments at SCF; the practice of double-celling at SCF; the limited exceptions to double-celling at SCF; an SCF offender's ability to object to his cellmate assignment; SCF's procedures for considering and responding to offender objections to cellmate assignments; SCF's policy and procedures for addressing inmate threats or assaults on cellmates; SCF's inmate movement schedule and the nature and reasons for changes to that schedule in 2012 and 2013; SCF administration's review of the causes of six inmate deaths between 2010 and 2014; and the nature and scope of changes to SCF's policies

or procedures following the six inmate deaths.

(c)      Major Michelle Nycz Halligan, Major at SCF, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Major Nycz is a defendant in the action and is expected to testify about: her meeting with Mr. Hebert to discuss his complaints about the conditions at SCF in a letter to Governor Hickenlooper; the use of a controlled movement schedule at SCF and 2012 changes to the schedule; the use of controlled movement at other facilities; SCF's procedures governing the classification and cell assignment of offenders, including procedures for handling offenders' cell assignment complaints; SCF's practice of double-celling inmates; the amount of out-of-cell time offenders may receive each day; the available out-of-cell opportunities; prison assault and incident reporting and investigation procedures; and offender assaults and incidents at SCF.

(d)      Any witness listed by Plaintiff.

(e)      Any witness necessary for impeachment.

(f)      Any witness necessary to establish foundation or authenticity.

(g)      Any witness necessary for rebuttal.

**(2)   witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A))**; and

**Plaintiff's Witnesses:**

a.      Robert Keisel, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580:  Defendant Keisel would testify to the matters at issue in this case, including but not limited to his knowledge of the conditions of confinement at SCF, knowledge of

homicides and assaults at SCF, knowledge of investigations at SCF, his interactions with Plaintiff Hebert and his knowledge of the grievance process.

b. Chase Felzien, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580: Defendant Keisel would testify to the matters at issue in this case, including but not limited to his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, his interactions with Plaintiff Hebert and his knowledge of the grievance process.

c. Kevin Milyard: Mr. Milyard would testify to the matters at issue in the case, including but not limited to his work at SCF, his knowledge of the conditions of confinement at SCF, knowledge of homicides and assaults at SCF, knowledge of investigations at SCF, his interactions with Tom Clement concerning SCF, his interactions with former Defendant Falk, and actions he may have taken took to remedy the conditions of confinement.

d. Lt. Denny Owens, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580: Lt. Owens would testify to the matters at issue in the case, including but not limited to the controlled movement schedule, conditions of confinement at SCF, homicides and assaults at SCF, and any remedial actions taken at SCF.

e. Capt. Orin Fryer, Colorado Department of Corrections, 2862 S Circle Dr, Colorado Springs, CO 80906, (719) 579-9580: Capt. Fryer would testify to the matters at issue in the case, including but not limited to the controlled

movement schedule, conditions of confinement at SCF, homicides and
assaults at SCF, the design of the facility, how cellmates are assigned,
custody and control levels, and any remedial actions taken at SCF.

f.     Capt. Ray Higgins, Colorado Department of Corrections, 2862 S Circle Dr,
Colorado Springs, CO 80906, (719) 579-9580:  Capt. Higgins would testify
to the matters at issue in the case, including but not limited to the
controlled movement schedule, conditions of confinement at SCF,
homicides and assaults at SCF, the design of the facility, how cellmates
are assigned, custody and control levels, and any remedial actions taken
at SCF.

**Defendants' Witnesses:**

(a)     Kellie Wasko, Executive Deputy Director, Colorado Department of
Corrections, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General,
Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway,
10th Floor, Denver, CO 80203, (720) 508-6000.  Ms. Wasko may be called to testify
about the nature, scope, and results of the CDOC's efforts to investigate the cause of
offender deaths at SCF between 2010 and 2014; ASCA's review of SCF; the nature,
scope, and purpose of ASCA's review, including the nature and scope of ASCA's
findings and recommended changes; and the nature and scope of changes implemented
at SCF, following ASCA's report.

(b)     Steve Hager, Director of Prisons, Colorado Department of Corrections, c/o
Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the
Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor,
Denver, CO 80203, (720) 508-6000.  Mr. Hager may be called to testify about the nature,

scope, and results of the CDOC's efforts to investigate the cause of offender deaths at SCF between 2010 and 2014; ASCA's review of SCF; the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes; and the nature and scope of changes implemented at SCF, following ASCA's report.

(c)     Robert Keisel, Major at SCF, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Officer Keisel may be called to testify regarding Plaintiff's grievances concerning double-celling at SCF and demand for a single cell.

(d)     Chase Felzien, Lieutenant at SCF, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Officer Felzien may be called to testify regarding Plaintiff's grievances concerning double-celling at SCF and demand for a single cell.

(e)     Anthony A. DeCesaro, CDOC's Step III Grievance Officer, c/o Rob C. Huss and Kathryn A. Starnella, Assistant Attorneys General, Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, (720) 508-6000.  Mr. DeCesaro may be called to testify regarding Plaintiff's grievances concerning double-celling at SCF and demand for a single cell.

(f)     Roger Werholtz, Association of State Correctional Administrators, 1110 Opal Court, Ste. 5, Hagerstown, MD 21740.  Mr. Werholtz may be called to testify regarding ASCA's 2014 review of SCF; and the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes

18

as contained in its April 1, 2015 report.

      (g)     Jill Brooks, Association of State Correctional Administrators, 1110 Opal Court, Ste. 5, Hagerstown, MD 21740.  Ms. Brooks may be called to testify regarding ASCA's 2014 review of SCF; and the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes as contained in its April 1, 2015 report.

      (h)     George Camp, Association of State Correctional Administrators, 1110 Opal Court, Ste. 5, Hagerstown, MD 21740.  Mr. Camp may be called to testify regarding ASCA's 2014 review of SCF; and the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes as contained in its April 1, 2015 report.

      (i)     Wayne Choinski, Association of State Correctional Administrators, 1110 Opal Court, Ste. 5, Hagerstown, MD 21740.  Mr. Choinksi may be called to testify regarding ASCA's 2014 review of SCF; and the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes as contained in its April 1, 2015 report.

      (j)     David Marcial, Association of State Correctional Administrators, 1110 Opal Court, Ste. 5, Hagerstown, MD 21740.  Mr. Marcial may be called to testify regarding ASCA's 2014 review of SCF; and the nature, scope, and purpose of ASCA's review, including the nature and scope of ASCA's findings and recommended changes as contained in its April 1, 2015 report.

      **(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).**

**Plaintiff's Witnesses:**  None.

**Defendants' Witnesses:** None.

b.    **List the expert witnesses to be called by each party.**  List separately:

(1)    **witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A))**;

**Plaintiff's Witnesses:**  None.

**Defendants' Witnesses:** None.

(2)    **witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A))**;

**Plaintiff's Witnesses:**  None.

**Defendants' Witnesses:** None.

and

(3)    **witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).**

**Plaintiff's Witnesses:**  None.

**Defendants' Witnesses:**
None.

## 7.  EXHIBITS

(1)    **Plaintiff**:

1.  Hebert drawings (Plaintiff_0023-0028)

2.  Hebert cellmate list (CDOC/Hebert-00246)

3.  Second quarter, 2011 quarterly report (CDOC/Hebert-06231)

4.  July 2014 controlled movement schedule (Plaintiff_0029)

5.  July 17, 2014 email, Raemisch-Wasko (CDOC/Hebert-03330)

6.  SCF lockdown report (CDOC/Hebert-00502-00509)

7.  First quarter, 2010 SCF quarterly report (CDOC/Hebert-05923-

05984)

8. Third quarter, 2010 SCF quarterly report (CDOC/Hebert-05785-5838)

9. Second quarter, 2011 SCF quarterly report (CDOC/Hebert-06231-6285)

10. Third quarter, 2011 SCF quarterly report (CDOC/Hebert-06042-6106)

11. First quarter, 2014 SCF quarterly report (CDOC/Hebert-06644-06662)

12. Second quarter, 2014 quarterly report (CDOC/Hebert-06663-6688)

13. August 24, 2014 email, Kirby-Raemisch (CDOC/Hebert-06971)

14. SCF Critical Incidents list, homicides and assaults (CDOC/Hebert-00232-00240)

15. Assessment of Sterling Correctional Facility, April 1, 2015 (CDOC/Hebert-06708-06743)

16. CDOC Plan of Correction (CDOC/Hebert-06744-06773)

17. CDOC monthly population and capacity reports, 1998-2014 (CDOC/Hebert-0004-00231)

18. Memo to record, Alaniz (CDOC/Hebert-00901-00905)

19. November 18, 2012, Chapdelaine email (CDOC/Hebert-03551)

20. July 17, 2014 email, Falk-Revord (CDOC/Hebert-01318)

21. June 17, 2014, email, Little-Guerra-Falk (CDOC/Hebert-01244-01247)

22. Sterling rape report (CDOC/Hebert-00241-00245)

23. February 13, 2014 email, Falk (CDOC/Hebert-00781)

24. November 20, 2014 Indicent report (CDOC/Hebert-03552)

25. April 1, 2013 email, Usry-Falk and attachment (CDOC/Hebert-00666-00668)

26. All exhibits listed or used at trial by Defendants

27. All exhibits for the purpose of rebuttal or impeachment

**(2)    Defendant(s):**

(A)    Administrative Regulation (AR) 850-04 (Grievance Procedure)

(B)    AR 600-01 (Offender Classification)

(C)    AR 650-01 (Incentive Living Program)

(D)    Hebert's Steps 1-3 Grievances re double-bunking (CDOC/Hebert-00001-00004)

(E)    Hebert letter to Gov. Hickenlooper (dated 6/23/2012) and Hebert Declaration (Plaintiff_00012-00013)

(F)    Hebert letter to Warden Falk (dated 7/16/2012) (Plaintiff_00016-00017)

(G)    ASCA's Assessment of Sterling Correctional Facility (dated 4/1/2015) (CDOC/Hebert-06708-06743)

(H)    CDOC's Post-ASCA Assessment Action Plan (CDOC/Hebert-06744-00763)

(I)    CDOC's Monthly Population & Capacity Reports (2010-2014) (CDOC/Hebert-00178-00231)

(J)    Standards Compliance Reaccreditation Audit (dated 9/11-9/13/13) (Ex. 2, M. Nycz Halligan Depo)

(K)    Standards Compliance Reaccreditation Audit (dated 9/9-9/11/13) (Ex. 3, M.

Nycz Halligan Depo)

(L)     All exhibits listed by Plaintiff.

(M)     All exhibits necessary for impeachment or rebuttal.

b.     Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None.

## 10.  SETTLEMENT

Colorado Department of Corrections is not inclined to participate in settlement negotiations prior to the Court's ruling on its summary judgment motion.

## 11.  OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.     The trial is to the Court.

2.      The trial is estimated to take four (4) days.

3.      The trial is scheduled to occur in the Alfred A. Arraj United States Courthouse, Courtroom A801

4.      There are no other orders pertinent to the trial proceedings.

DATED this 23rd day of November, 2015.


                              BY THE COURT


                              _____
                              William J. Martinez
                              United States District Judge


                              SCHWANE LAW LLC

                              /s/ Mark A. Schwane

                              MARK A. SCHWANE*
                              3773 Cherry Creek North Drive, Ste. 575
                              Denver, CO 80209
                              T: (303) 515-7135
                              F: (303) 889-5220
                              mark@schwanelaw.com

                              *Counsel of Record for Plaintiff Hall
                              Hebert

                              CYNTHIA H. COFFMAN, Attorney
                              General

                              /s/  Robert Huss

                              ROBERT C. HUSS*
                              Assistant Attorney General
                              KATHRYN A. STARNELLA*
                              Assistant Attorney General
                              Telephone: 720-508-6605
                              E-Mail: rob.huss@state.co.us
                              E-Mail: kathryn.starnella@state.co.us
                              Civil Litigation and Employment Law
                              Ralph L. Carr Colorado Judicial Center
                              1300 Broadway, 10th Floor

Denver, CO 80203
T: 720-508-6176
F: 720-508-6032

*Counsel of Record for Defendants Rick
Raemisch, John Chapdelaine, Michelle
Nycz, Robert Keisel, and Chase Felz